IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| WILLIE STANLEY, JR., *on behalf of himself and all others similarly situated*, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : <br> : : Civil Action No.  3:20cv756 |
| INTELLICORP RECORDS, INC. | : <br> : |
| SERVE: <br> Corporation Service Company <br> 50 West Broad Street, Suite 1330 <br> Columbus, Ohio  43215 | : <br> : <br> : <br> : <br> : |
| Defendant. | : |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, Willie Stanley, Jr., ("Plaintiff"), by counsel, and files this Complaint against IntelliCorp Records, Inc., ("IntelliCorp" or "Defendant"), based on the following.

### PRELIMINARY STATEMENT

1. This is a class action for statutory and punitive damages, costs, and attorney fees brought under 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

3. IntelliCorp is a foreign corporation authorized to do business in the Commonwealth of Virginia through its registered office in Richmond, Virginia.

### PARTIES

4. The Plaintiff is a natural person residing in Virginia, and at all times relevant was a "consumer" as defined by 15 U.S.C. §1681a(c).

5. IntelliCorp is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f). IntelliCorp is regularly engaged in assembling, evaluating, and disbursing consumer information to furnish consumer reports to third parties as defined by 15 U.S.C. §1681a(d).

6. Upon information and belief, the Defendant disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

7. Plaintiff has historically been the victim of inaccurate credit reporting by various background check agencies.

8. One of these companies that sells so-called "wholesale" criminal records to a variety of other smaller background check companies previously sold records regarding the Plaintiff that falsely indicated that he was a sex offender registered in Virginia, and additionally that he had also registered as a sex offender in Milwaukee, Wisconsin.

9. These reportings were both false.

10. Plaintiff has never been convicted of any sex crimes and has never registered as a sex offender anywhere.

11. In fact, Plaintiff has historically worked as a driver transporting medical patients, usually elderly, between various locations and his criminal background history, even as it applies to something as simple as traffic infractions, is very important to him.

12. Upon learning of these and other inaccurate criminal records that had historically been reported about him, Plaintff has sought to preemptively check the records of various

consumer reporting agencies to determine what they would report about him if a potential employer requested his records.

13. In late 2018, Plaintiff requested the disclosure of all the information in his consumer file from the Defendant.

14. Plaintiff wrote to the Defendant to seek a copy of this information.

15. In this letter, Plaintiff provided the Defendant with everything that it would need to identify him, including his First Name, Last Name, Generational Suffix, Street Address, City, State, Zip Code, and Date of Birth.

16. The Defendant regularly sells reports to its customers that provide the Defendant with less information than this.

17. Upon information and belief, the Defendant will sell criminal background reports to its customers that provide nothing more than a full name and a date of birth for the subject of the requested report.

18. The Plaintiff also provided the Defendant with a valid copy of his driver's license.

19. The Defendant responded to the Plaintiff on September 27, 2018.

20. The Defendant was able to identify the Plaintiff using the information that he provided with his dispute as described above.

21. The Defendant did not have any trouble or difficulty understanding who the Plaintiff was.

22. The Defendant would have sold a report about the Plaintiff to any of its customers that requested it on September 27, 2018.

23. However, the Defendant's response did not contain "all information in the [Plaintiff's] file at the time of the request", as required by 15 U.S.C. §1681g(a)(1).

24. The Defendant's response also did not contain "the sources of the information", as required by 15 U.S.C. §1681g(a)(2).

25. The Defendant's response also did not contain the "identification of each person...that procured a consumer report" about the Plaintiff for employment purposes within the preceding 2-year period, or for any other purpose during the preceding 1-year period, as required by 15 U.S.C. §1681g(a)(3)(A).

26. In fact - the Defendant's response did not contain anything relevant to the Plaintiff, and entirely failed to comply with 15 U.S.C. §1681g.

27. Instead, the Defendant responded by sending the Plaintiff a "Copy Request Form", attached hereto as Exhibit "A", to complete and return before it would agree to provide him with the disclosure required by 15 U.S.C. §1681g.

28. The "Copy Request Form" required Plaintiff to (1.) restate all of the information that he had already provided to the Defendant, (2.) provide his full social security number, (3.) sign a separate "Authorization Release", providing the Defendant with authority to "release a copy of [his] background check report that [he] had requested."

29. Plaintiff did not merely request "a copy of his background check report."

30. Instead, as contemplated by the statute, Plaintiff broadly requested a copy of "all information that [the Defendant] had about [him], including any information that [it] would sell to a potential employer that ordered a report using [his] identifying and demographic information".

31. Further, it is illogical to require the Plaintiff to sign an authorization allowing the Defendant to release information to himself.

4

32. This intentionally adopted policy and procedure requiring consumers to sign the "Copy Request Form" as a pre-requisite to obtaining the full consumer disclosure that contained all information about the consumer within the Defendant's possession, together with the sources of the information and the identity of anyone who had obtained it in the past, as contemplated by Congress, violated the Fair Credit Reporting Act.

33. Upon information and belief, the Defendant implemented this artificial roadblock in order to reduce the number of disclosures that it would send out, and accordingly, the number of disputes that it would be required to process, investigate and respond to, in an effort to save money.

34. The Defendant violated 15 U.S.C. § 1681g by failing to disclose to the Plaintiff all the information contained his consumer file at the time of the request.

35. By requiring the Plaintiff to fill out an additional form, IntelliCorp deprived the Plaintiff of his consumer disclosure and its valuable information despite the requirements of the FCRA and according to the Defendant's standard practices and procedures, thereby causing the Plaintiff to suffer informational injury.

## COUNT I: Class Claim
## Violation of 15 U.S.C. § 1681g

36. The Plaintiff restates each allegation in the preceding paragraphs 1 through 35 as if set forth at length herein.

37. IntelliCorp violated 15 U.S.C. § 1681g(a)(1) by failing to disclose all of the Plaintiff's information that it maintained at the time of the request.

38. IntelliCorp violated 15 U.S.C. § 1681g(a)(2) by failing to disclose all the sources of the information maintained in the consumer's file at the time of the request.

39. IntelliCorp violated 15 U.S.C. § 1681g(a)(3) by failing to identify each person

that procured the Plaintiff's consumer report within the prior 1 or 2 years, as applicable, at the time of the request.

40. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiff brings this action for himself and on behalf of a class defined as follows:

> All natural persons residing in the United States (a.) who requested their consumer disclosure from IntelliCorp; (b.) to whom IntelliCorp responded within the two years preceding the filing of this action and during its pendency; (c.) to whom IntelliCorp sent a "Copy Request Form"; and (d.) to whom IntelliCorp did not send a copy of that consumer's disclosure.  Excluded from the class definition are any employees, officers, or directors of IntelliCorp, any attorney appearing in this case, and any judge assigned to hear this action.

41. The Plaintiff incorporates his prior allegations and estimates that the class is so numerous that joinder of all members is impractical.  Although the precise number of class members is known only to the Defendant, Plaintiff's counsel is aware from past litigation that IntelliCorp is an established business that sends out tens of thousands of consumer file disclosures each year.  If IntelliCorp uniformly sent its "Copy Request Form" to each such individual, then the class size is at least that number, and certainly higher if the Court infers that there are some number of individuals (like the Plaintiff) who ultimately never received their file disclosure at all.

42. The Plaintiff's claim is typical of those of the class members and are all are based on the same facts and legal theories.

43. The Plaintiff will fairly and adequately protect the interests of the class.  The Plaintiff has retained counsel experienced in handling FCRA class actions.  Neither the Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue this action. The Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

44. Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper. Prosecuting separate actions would create a risk of adjudications that would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair their ability to protect their interests.

45. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that the Defendant acted on grounds generally applicable to the class, thereby making declaratory relief appropriate with respect to the class as a whole.

46. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. As alleged above, the questions of law or fact common to the members of the class predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelms the more modest individual damages issues. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims are generally ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford to bring such claims individually. Further, most consumers affected by the Defendant's FCRA violations would likely be unaware of their rights under the law, or which counsel they could find to represent them in federal litigation. Additionally, individual litigation of the uniform issues, in this case, would be a poor use of limited judicial resources.

The issues at the core of this case are class-wide and should be resolved at one time.

47. IntelliCorp violated 15 U.S.C. § 1681g(a)(1) by failing to disclose all of the information maintained in its database at the time of the Plaintiff's and each putative class member's request.

48. IntelliCorp violated 15 U.S.C. § 1681g(a)(2) by failing to disclose all of the sources of the information maintained in its database at the time of the Plaintiff's and each putative class member's request.

49. IntelliCorp violated 15 U.S.C. § 1681g(a)(3) by failing to disclose the identity of each person that procured the information maintained in their database about the consumer at the time of the Plaintiff's and each putative class member's request.

50. The Defendant's violations were willful, pursuant to 15 U.S.C. § 1681n, or, in the alternative, negligent, entitling the Plaintiff and putative class members to recover under 15 U.S.C. § 1681o.

51. As a result of the Defendant's violations, the Plaintiff and the putative class members suffered damages including informational injury, the inability to determine the sources of that information, and the inability to determine the identities of each person that procured their file. They are therefore entitled to recover statutory damages, punitive damages and attorneys fees and costs.

## **PRAYER FOR RELIEF**

The Defendant's failure to disclose all information in its possession related to the individuals that requested their consumer file disclosures, the sources of this information, and the identities of each person that procured the information maintained in their database about those

consumers was an act or omission committed in violation of the rights conferred to the Plaintiff and the class members by Congress as set forth by 15 U.S.C. §1681g. As a result, the Defendant is liable to the Plaintiff and each putative class member for statutory damages in an amount ranging from $100.00 to $1,000.00 to be determined by the jury, as well as punitive damages, attorneys fees and costs pursuant to 15 U.S.C. 1681n. In the alternative, the Defendant was negligent, entitling the Plaintiff to recover pursuant to 15 U.S.C. 1681o.

The Plaintiff, on behalf of the Class, further seeks injunctive and declaratory relief in the form of an Order requiring the Defendant to provide consumer file disclosures, the sources of information, and the identities of each person that requested the consumer's file, immediately upon receipt of a consumer's written request, and without requiring any consumer to complete and return any additional forms or documents before the Defendant will comply with the its obligation to provide the disclosures mandated by 15 U.S.C. §1681g.

**PLAINTIFF DEMANDS TRIAL BY JURY**.

Respectfully submitted,
**Willie Stanley, Jr.,**


By:_____/s/_____
Matthew J. Erausquin, VSB No. 65434
Leonard A. Bennett, VSB No. 37523
Consumer Litigation Associates,
Northern Virginia, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
matt@clalegal.com
lenbennett@clalegal.com

*Counsel for the Plaintiffs*