**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| WILLIE STANLEY, JR., *on behalf of himself and all others similarly situated,* | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| INTELLICORP, INC. | : | |
| | : | |
| SERVE: | : | |
| Corporation Service Company | : | |
| 100 Shockoe Slip | : | |
| 2nd Floor | : | Civil Action No. 3:20-cv-756 |
| Richmond, VA 23219 | : | |
| | : | |
| and | : | |
| | : | |
| FIRST ADVANTAGE BACKGROUND | : | |
| SERVICES CORP. | : | |
| | : | |
| SERVE: | : | |
| Corporation Service Company | : | |
| 100 Shockoe Slip | : | |
| 2nd Floor | : | |
| Richmond, VA 23219 | : | |
| | : | |
| Defendants. | : | |

**<u>FIRST AMENDED CLASS ACTION COMPLAINT</u>**

COMES NOW the Plaintiff, Willie Stanley, Jr., ("Plaintiff"), by counsel, and files this

First Amended Class Action Complaint against IntelliCorp, Inc., ("IntelliCorp") and First

Advantage Background Services Corp. ("First Advantage"), and in support, thereof, he states as

follows:

## PRELIMINARY STATEMENT

1.     This is a class action for statutory and punitive damages, costs, and attorneys fees brought under 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

## JURISDICTION

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

3.     IntelliCorp is a foreign corporation authorized to do business in the Commonwealth of Virginia through its registered office in Richmond, Virginia.

4.     First Advantage is a foreign corporation authorized to do business in the Commonwealth of Virginia through its registered office in Richmond, Virginia.

## PARTIES

5.     The Plaintiff is a natural person residing in Virginia, and at all times relevant was a "consumer" as defined by 15 U.S.C. §1681a(c).

6.     IntelliCorp and First Advantage are each "consumer reporting agencies" as defined by 15 U.S.C. §1681a(f).  They are both regularly engaged in assembling, evaluating, and disbursing consumer information to furnish consumer reports to third parties as defined by 15 U.S.C. §1681a(d).

7.     Upon information and belief, the Defendants sell consumer reports to third parties in exchange for monetary compensation.

## FACTS AS TO BOTH DEFENDANTS

8.     Plaintiff has historically been the victim of inaccurate credit reporting by various background check agencies.

9.      One of these companies that sells so-called "wholesale" criminal records to a variety of other smaller background check companies previously sold records attributed to the Plaintiff that falsely indicated that he was a sex offender registered in both Virginia and Milwaukee, Wisconsin.

10.     These reports were both false.

11.     Plaintiff has never been convicted of any sex crimes and has therefore never registered as a sex offender anywhere.

12.     In fact, Plaintiff has historically worked as a driver transporting medical patients, usually elderly, between various locations, and the accurate reporting of his criminal background history, even as it applies to something as simple as traffic infractions, is very important to him.

13.     Upon learning of these and other inaccurate criminal records that had historically been reported about him, Plaintiff sought to preemptively check the records of various consumer reporting agencies to determine what they would report about him if a potential employer requested his records.

14.     In late 2018, Plaintiff requested the disclosure of all the information in his consumer file from the Defendants.

15.     Plaintiff wrote to the Defendants to seek a copy of this information.

16.     In these letters, Plaintiff provided the Defendants with everything that each would need to identify him, including his First Name, Last Name, Generational Suffix, Street Address, City, State, Zip Code, and Date of Birth.

17.     Plaintiff also provided each Defendant with a copy of his driver's license as an attachment to each letter.

18.     The Defendants regularly sell reports to customers who provide them with less information than this.

19.     Upon information and belief, the Defendants will sell criminal background reports to customers who provide nothing more than a full name and a date of birth for the subject of the requested report.

## FACTS AS TO DEFENDANT INTELLICORP

20.     Defendant IntelliCorp responded to the Plaintiff on September 27, 2018.

21.     IntelliCorp was able to identify the Plaintiff using the information that he provided with his disclosure request as described above.

22.     IntelliCorp did not have any trouble or difficulty understanding who the Plaintiff was.

23.     IntelliCorp would have sold a report about the Plaintiff to any of its customers that requested it on September 27, 2018.

24.     However, IntelliCorp's response did not contain "all information in the [Plaintiff's] file at the time of the request", as required by 15 U.S.C. §1681g(a)(1).

25.     IntelliCorp's response also did not contain "the sources of the information", as required by 15 U.S.C. §1681g(a)(2).

26.     IntelliCorp's response also did not contain the "identification of each person...that procured a consumer report" about the Plaintiff for employment purposes within the preceding 2-year period, or for any other purpose during the preceding 1-year period, as required by 15 U.S.C. §1681g(a)(3)(A).

27.     In fact - IntelliCorp's response did not contain anything relevant to the Plaintiff, and entirely failed to comply with 15 U.S.C. §1681g.

28.     Instead, IntelliCorp responded by sending the Plaintiff a "Copy Request Form", attached hereto as Exhibit "A", to complete and return before it would agree to provide him with the disclosure required by 15 U.S.C. §1681g.

29.     The "Copy Request Form" required Plaintiff to (1.) restate all of the information that he had already provided to IntelliCorp, (2.) provide his full social security number, and (3.) sign a separate "Authorization Release", providing the Defendant with authority to "release a copy of [his] background check report that [he] had requested."

30.     Plaintiff did not merely request "a copy of his background check report."

31.     Instead, as contemplated by the statute, Plaintiff broadly requested a copy of "all information that [IntelliCorp] had about [him], including any information that [it] would sell to a potential employer that ordered a report using [his] identifying and demographic information".

32.     Further, it is illogical to require the Plaintiff to sign an authorization allowing IntelliCorp to release information to himself.

33.     This intentionally adopted policy and procedure requiring consumers to sign the "Copy Request Form" as a pre-requisite to obtaining the full consumer disclosure that contained all information about the consumer within IntelliCorp's possession, together with the sources of the information and the identity of anyone who had obtained it in the past, as contemplated by Congress, violated the Fair Credit Reporting Act.

34.     Upon information and belief, IntelliCorp implemented this artificial roadblock in order to reduce the number of disclosures that it would send out, and accordingly, the number of disputes that it would be required to process, investigate and respond to, in an effort to save money.

35.     IntelliCorp violated 15 U.S.C. § 1681g by failing to disclose to the Plaintiff all the information contained his consumer file at the time of the request.

36.     By requiring the Plaintiff to fill out an additional form before agreeing to provide the Plaintiff with a copy of his consumer disclosure, IntelliCorp deprived the Plaintiff of this valuable information despite the requirements of the FCRA and according to the Defendant's standard practices and procedures, thereby causing the Plaintiff to suffer informational injury.

## FACTS AS TO DEFENDANT FIRST ADVANTAGE

37.     Defendant First Advantage responded to the Plaintiff on October 11, 2018.

38.     First Advantage was able to identify the Plaintiff using the information that he provided with his dispute letter as described above.

39.     First Advantage did not have any difficulty identifying the Plaintiff.

40.     First Advantage would have sold a report about the Plaintiff to any of its customers that requested it on October 11, 2018.

41.     However, First Advantage's response did not contain "all information in the [Plaintiff's] file at the time of the request", as required by 15 U.S.C. §1681g(a)(1).

42.     First Advantage's response also did not contain "the sources of the information", as required by 15 U.S.C. §1681g(a)(2).

43.     First Advantage's response also did not contain the "identification of each person...that procured a consumer report" about the Plaintiff for employment purposes within the preceding 2-year period, or for any other purpose during the preceding 1-year period, as required by 15 U.S.C. §1681g(a)(3)(A).

44.     In fact - First Advantage's response did not contain anything relevant to the Plaintiff, and entirely failed to comply with 15 U.S.C. §1681g.

6

45.     Instead, First Advantage responded by sending Plaintiff the letter attached as Exhibit "B".

46.     This letter acknowledged First Advantage's understanding that Plaintiff had made a "Full File Disclosure" request.

47.     This letter included a "Full File Disclosure Request Form" that required Plaintiff to (1.) restate all of the information that he had already provided to First Advantage, (2.) provide his full social security number, (3.) write his driver's license number out and write the name of the state that issued it, notwithstanding that First Advantage already had a copy of it, (4.) indicate his gender, (5.)  provide his daytime and evening telephone numbers, (6.) provide his email address, and (7.) sign and date the form.

48.     Then, in addition to completing the form attached as Exhibit "B" and as described in the preceding paragraph, First Advantage also required Plaintiff to provide yet another document, dated within the preceding two months, from the list below:

> Major Credit Card Billing Statement
> Major Bank Statement
> Major Gas Company Credit Card Billing Statement
> Major Department Store Credit Card Billing Statement
> Utility Bill *(Gas, Electric, Water, Sewer or Cable/Satellite-Dish)*
> Telephone Bill
> Major Cell Phone Service Provider Bill
> Insurance Declaration Page *(must be in effect - not expired)*

49.     Then, if the information requested was to be sent to a second home or rental property, the Defendant additionally required either a Property Tax Bill (for the most current year or year immediately preceding) or a Property Deed.

50.     Nothing in the Fair Credit Reporting Act permits First Advantage to require consumers to fill out a form of its own choosing or provide additional documents from an arbitrary list of its own creation, with additional arbitrary requirements about how old the

7

documents were permitted to be, the types of utility bills that it would accept, or whether the bank or credit card company in question was "Major" or not.

51.     This intentionally adopted policy and procedure requiring consumers to sign the "Full File Disclosure Request Form" as a pre-requisite to obtaining the full consumer disclosure that contained all information about the consumer within First Advantage's possession, together with the sources of the information and the identity of anyone who had obtained it in the past, as contemplated by Congress, violated the Fair Credit Reporting Act.

52.     Upon information and belief, First Advantage implemented this artificial roadblock in order to reduce the number of disclosures that it would send out, and accordingly, the number of disputes that it would be required to process, investigate and respond to, in an effort to save money.

53.     First Advantage violated 15 U.S.C. § 1681g by failing to disclose to the Plaintiff all of the information contained in his consumer file at the time of the request.

54.     By requiring the Plaintiff to fill out an additional form before agreeing to provide the Plaintiff with a copy of his consumer disclosure, First Advantage deprived the Plaintiff of this valuable information despite the requirements of the FCRA and according to the Defendant's standard practices and procedures, thereby causing the Plaintiff to suffer informational injury.

### COUNT I: Class Claim
### (IntelliCorp)
### Violation of 15 U.S.C. § 1681g

55.     The Plaintiff restates each allegation in the preceding paragraphs 1 through 36 as if set forth at length herein.

56.     IntelliCorp violated 15 U.S.C. § 1681g(a)(1) by failing to disclose all of the

Plaintiff's information that it maintained at the time of the request.

57.     IntelliCorp violated 15 U.S.C. § 1681g(a)(2) by failing to disclose all of the

sources of the information maintained in the consumer's file at the time of the request.

58.     IntelliCorp violated 15 U.S.C. § 1681g(a)(3) by failing to identify each person

that procured the Plaintiff's consumer report within the prior one or two years, as applicable, at

the time of the request.

59.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiff brings

this action for himself and on behalf of a class defined as follows:

> All natural persons residing in the United States (a.) who requested their consumer
> disclosure from IntelliCorp; (b.) who provided IntelliCorp with at least as much personal
> identifying information as IntelliCorp requires of its customers in order to sell a report;
> (c.) to whom IntelliCorp responded within the two years preceding the filing of this
> action and during its pendency; (d.) to whom IntelliCorp sent a "Copy Request Form"
> substantially similar to Exhibit "A" to the Complaint; and (e.) to whom IntelliCorp did
> not send a copy of that consumer's disclosure.  Excluded from the class definition are any
> employees, officers, or directors of IntelliCorp, any attorney appearing in this case, and
> any judge assigned to hear this action.

60.     Plaintiff additionally brings this action on behalf of a subclass of the Class

described in paragraph 59, as follows ("IntelliCorp Identification Card Subclass"):

> All natural persons residing in the United States (a.) who requested their consumer
> disclosure from IntelliCorp; (b.) who provided IntelliCorp with at least as much personal
> identifying information as IntelliCorp requires of its customers in order to sell a report;
> (c.) who additionally included a copy of an identification card; (d.) to whom IntelliCorp
> responded within the two years preceding the filing of this action and during its
> pendency; (e.) to whom IntelliCorp sent a "Copy Request Form" substantially similar to
> Exhibit "A" to the Complaint; and (f.) to whom IntelliCorp did not send a copy of that
> consumer's disclosure.  Excluded from this subclass definition are any employees,
> officers, or directors of IntelliCorp, any attorney appearing in this case, and any judge
> assigned to hear this action.

61.     The Plaintiff incorporates his prior allegations and estimates that the class is so

numerous that joinder of all members is impractical.  Although the precise number of class

members is known only to the Defendant, Plaintiff's counsel is aware from past litigation that

IntelliCorp is an established business that sends out tens of thousands of consumer file disclosures each year.   If IntelliCorp uniformly sent its "Copy Request Form" to each such individual, then the class size is at least that number, and certainly higher if the Court infers that there are some number of individuals (like the Plaintiff) who ultimately never received their file disclosure at all.

62.     The Plaintiff's claim is typical of those of the class members and are all are based on the same facts and legal theories.

63.     The Plaintiff will fairly and adequately protect the interests of the class.  The Plaintiff has retained counsel experienced in handling FCRA class actions.  Neither the Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue this action. The Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

64.     Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper.  Prosecuting separate actions would create a risk of adjudications that would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair their ability to protect their interests.

65.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that IntelliCorp acted on grounds generally applicable to the class, thereby making declaratory relief appropriate with respect to the class as a whole.

66.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

            a.     As alleged above, the questions of law or fact common to the members of
            the class predominate over any questions affecting an individual member.  Each

of the common facts and legal questions in the case overwhelms the more modest individual damages issues.  Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims are generally ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford to bring such claims individually.  Further, most consumers affected by the Defendant's FCRA violations would likely be unaware of their rights under the law, or which counsel they could find to represent them in federal litigation.  Additionally, individual litigation of the uniform issues, in this case, would be a poor use of limited judicial resources. The issues at the core of this case are class-wide and should be resolved at one time.

67.     IntelliCorp violated 15 U.S.C. § 1681g(a)(1) by failing to disclose all of the information maintained in its database at the time of the Plaintiff's and each putative class member's request.

68.     IntelliCorp violated 15 U.S.C. § 1681g(a)(2) by failing to disclose all of the sources of the information maintained in its database at the time of the Plaintiff's and each putative class member's request.

69.     IntelliCorp violated 15 U.S.C. § 1681g(a)(3) by failing to disclose the identity of each person that procured the information maintained in their database about the consumer at the time of the Plaintiff's and each putative class member's request.

70.     IntelliCorp's violations of the Fair Credit Reporting Act were willful, entitling the Plaintiff and putative class members to recover pursuant to 15 U.S.C. § 1681n, or, in the alternative, the violations were committed negligently, entitling the Plaintiff and putative class members to recover pursuant to 15 U.S.C. § 1681o.

71.     As a result of the IntelliCorp's violations of the Fair Credit Reporting Act, the Plaintiff and the putative class members suffered damages including informational injury, the inability to determine the sources of that information, and the inability to determine the identities of each person that procured their file.  They are therefore entitled to recover statutory damages, punitive damages and attorneys fees and costs.

**COUNT II: Class Claim**
**(First Advantage)**
**Violation of 15 U.S.C. § 1681g**

72.     The Plaintiff restates each allegation in the preceding paragraphs 1 through 19 and 37 through 54 as if set forth at length herein.

73.     First Advantage violated 15 U.S.C. § 1681g(a)(1) by failing to disclose all of the Plaintiff's information that it maintained at the time of the request.

74.     First Advantage violated 15 U.S.C. § 1681g(a)(2) by failing to disclose all of the sources of the information maintained in the consumer's file at the time of the request.

75.     First Advantage violated 15 U.S.C. § 1681g(a)(3) by failing to identify each person that procured the Plaintiff's consumer report within the prior one or two years, as applicable, at the time of the request.

76.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiff brings this action for himself and on behalf of a class defined as follows:

> All natural persons residing in the United States (a.) who requested their consumer disclosure from First Advantage; (b.) who provided First Advantage with at least as much

12

personal identifying information as First Advantage requires of its customers in order to sell a report; (c.) to whom First Advantage responded within the two years preceding the filing of this action and during its pendency; (d.) to whom First Advantage sent a "Full File Disclosure Request Form" substantially similar to Exhibit "B" to the Complaint; and (e.) to whom First Advantage did not send a copy of that consumer's disclosure. Excluded from the class definition are any employees, officers, or directors of First Advantage, any attorney appearing in this case, and any judge assigned to hear this action.

77. Plaintiff additionally brings this action on behalf of a subclass of the Class

described in paragraph 76, as follows ("First Advantage Identification Card Subclass"):

All natural persons residing in the United States (a.) who requested their consumer disclosure from First Advantage; (b.) who provided First Advantage with at least as much personal identifying information as First Advantage requires of its customers in order to sell a report; (c.) who additionally included a copy of an identification card; (d.) to whom First Advantage responded within the two years preceding the filing of this action and during its pendency; (e.) to whom First Advantage sent a "Full File Disclosure Request Form" substantially similar to Exhibit "B" to the Complaint; and (f.) to whom First Advantage did not send a copy of that consumer's disclosure. Excluded from this subclass definition are any employees, officers, or directors of First Advantage, any attorney appearing in this case, and any judge assigned to hear this action.

78. The Plaintiff incorporates his prior allegations and estimates that the class is so

numerous that joinder of all members is impractical. Although the precise number of class

members is known only to the Defendant, Plaintiff's counsel is aware from past litigation that

First Advantage is an established business that sends out tens of thousands of consumer file

disclosures each year. If First Advantage uniformly sent its "Full File Disclosure Request

Form" to each such individual, then the class size is at least that number, and certainly higher if

the Court infers that there are some number of individuals (like the Plaintiff) who ultimately

never received their file disclosure at all.

79. The Plaintiff's claim is typical of those of the class members and are all are based

on the same facts and legal theories.

80. The Plaintiff will fairly and adequately protect the interests of the class. The

Plaintiff has retained counsel experienced in handling FCRA class actions.  Neither the Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue this action. The Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

81.    Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper.  Prosecuting separate actions would create a risk of adjudications that would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair their ability to protect their interests.

82.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that First Advantage acted on grounds generally applicable to the class, thereby making declaratory relief appropriate with respect to the class as a whole.

83.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

      a.    As alleged above, the questions of law or fact common to the members of the class predominate over any questions affecting an individual member.  Each of the common facts and legal questions in the case overwhelms the more modest individual damages issues.  Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

      b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims are generally ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford to bring such claims individually.  Further,

most consumers affected by the Defendant's FCRA violations would likely be unaware of their rights under the law, or which counsel they could find to represent them in federal litigation.  Additionally, individual litigation of the uniform issues, in this case, would be a poor use of limited judicial resources. The issues at the core of this case are class-wide and should be resolved at one time.

84.     First Advantage violated 15 U.S.C. § 1681g(a)(1) by failing to disclose all of the information maintained in its database at the time of the Plaintiff's and each putative class member's request.

85.     First Advantage violated 15 U.S.C. § 1681g(a)(2) by failing to disclose all of the sources of the information maintained in its database at the time of the Plaintiff's and each putative class member's request.

86.     First Advantage violated 15 U.S.C. § 1681g(a)(3) by failing to disclose the identity of each person that procured the information maintained in their database about the consumer at the time of the Plaintiff's and each putative class member's request.

87.     First Advantage's  violations of the Fair Credit Reporting Act were willful, entitling the Plaintiff and putative class members to recover pursuant to 15 U.S.C. § 1681n, or, in the alternative, the violations were committed negligently, entitling the Plaintiff and putative class members to recover pursuant to 15 U.S.C. § 1681o.

88.     As a result of First Advantage's violations of the Fair Credit Reporting Act, the Plaintiff and the putative class members suffered damages including informational injury, the inability to determine the sources of that information, and the inability to determine the identities of each person that procured their file.  They are therefore entitled to recover statutory damages,

punitive damages and attorneys fees and costs.

## **PRAYER FOR RELIEF**

The Defendants' respective failures to disclose all information in their possession related to the individuals that requested their consumer file disclosures, the sources of this information, and the identities of each person that procured the information maintained in their database about those consumers each constituted an act or omission committed in violation of the rights conferred to the Plaintiff and the class members by Congress as set forth in 15 U.S.C. §1681g. As a result, each Defendant is liable to the Plaintiff and each putative class member for statutory damages in an amount ranging from $100.00 to $1,000.00 to be determined by the jury, as well as punitive damages, attorneys fees and costs pursuant to 15 U.S.C. 1681n. In the alternative, the Defendants' violations of the Fair Credit Reporting Act were committed negligently, entitling the Plaintiff and the putative class members to recover pursuant to 15 U.S.C. 1681o.

The Plaintiff, on behalf of the proposed Classes, further seeks injunctive and declaratory relief in the form of an Order requiring the Defendants to provide full consumer file disclosures, the sources of information, and the identities of each person that requested the consumer's file, immediately upon receipt of a consumer's written request, and without requiring any consumer to complete and return any additional forms or documents before the Defendants will comply with their respective obligations to provide the disclosures mandated by 15 U.S.C. §1681g.

**PLAINTIFF DEMANDS TRIAL BY JURY**.

Respectfully submitted,
**Willie Stanley, Jr.,**


By:_____/s/_____
Matthew J. Erausquin, VSB No. 65434
Leonard A. Bennett, VSB No. 37523
Consumer Litigation Associates,

Northern Virginia, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
matt@clalegal.com
lenbennett@clalegal.com

*Counsel for the Plaintiffs*



September 27, 2018

Willie Stanley Jr.
███ Redacted ███

Dear Mr. Stanley,

Re: Copy Request Form

Per your letter, please find attached the Copy Request Form. To have a copy of your consumer report sent to you, please complete this document and fax it to 216-450-5279 or U.S. mail it back to us at:

IntelliCorp Record, Inc.
Attn: Compliance
3000 Auburn Drive, Suite 410
Beachwood, OH 44122

If you wish to have the results sent to you via email, please indicate this on the form you submit; otherwise the results will be provided to you via U.S. mail.

If you have any questions, please contact the IntelliCorp Compliance Department at 866-202-1436.

Thank you,

IntelliCorp Compliance Department

Enclosure

Exhibit "A"



# COPY REQUEST

---

## Section A: Consumer Information

*Please complete all fields except as noted.*

**Full Name: First:** [                    ]   **Middle:** [                ]   **Last:** [                    ]

*(Check one if applicable):* ☐ Jr.  ☐ Sr.   **Date of Birth:** [                ]

**Social Security Number:** ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐

**Full Current Address:** *(Information will be mailed to this address)*

**Street Address:** [                                        ]   **Apt. #:** [            ]

**City:** [                            ]   **State:** [        ]   **Zip:** [                ]

**Phone Numbers** *(Optional):*

**Home:** [        ] [            ]   **Work:** [        ] [            ]   **Mobile:** [        ] [            ]
*(Area Code)* *(Number)*        *(Area Code)* *(Number)*        *(Area Code)* *(Number)*

**Current Email Address** *(Optional):* [                            ]

☐ Check here to have your consumer report delivered via email to the address specified above.

---

## Section B: Authorization Release

*Please complete the following release to authorize the copy request.*

I, [                            ] , authorize IntelliCorp Records, Inc. to release a copy of my background
*(your name)*

check report that I have requested.


Signature:_____   Date:_____


*Please mail, fax or e-mail this completed form to:*

IntelliCorp Records, Inc.
3000 Auburn Drive, Suite 410
Beachwood, Ohio 44122
Phone: 866-202-1436
Fax: 216-450-5279
E-Mail: reinvestigation@intellicorp.net

**Para informacion en español, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.**

### A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W, Washington, DC 20552.**

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identity theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.

  In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need – usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt out with the nationwide credit bureaus at 1-888-5-OPTOUT. (1-888-567-8688).

- **You may seek damages from violators.** If a consumer reporting agency, or in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- **Identity theft victims and active military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.

States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For information about your federal rights, contact:

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| 1.a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates.<br><br>b. Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | a. Consumer Financial Protection Bureau<br>1700 G Street NW<br>Washington, DC 20552<br><br>b. Federal Trade Commission: Consumer Response Center – FCRA<br>Washington, DC 20580<br>(877) 382-4357 |

| | |
|---|---|
| 2. To the extent not included in item 1 above:<br><br>a. National banks, federal savings associations, and federal branches and federal agencies of foreign banks<br><br>b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and Insured State Branches of Foreign Banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25 A of the Federal Reserve Act<br><br>c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations<br><br>d. Federal Credit Unions | a. Office of the Comptroller of the Currency Customer Assistance Group<br>1301 McKinney Street, Suite 3450<br>Houston, TX  77010-9050<br><br>b. Federal Reserve Consumer Help Center<br>P.O. Box 1200<br>Minneapolis, MN 55480<br><br><br>c. FDIC Consumer Response Center<br>1100 Walnut Street, Box # 11<br>Kansas City, MO  64106<br><br>d. National Credit Union Administration<br>Office of Consumer Protection (OCP)<br>Division of Consumer Compliance and Outreach (DCCO)<br>1775 Duke Street<br>Alexandria, VA  22314 |
| 3. Air carriers | Asst. General Counsel for Aviation Enforcement & Proceedings<br>Aviation Consumer Protection Division<br>Department of Transportation<br>1200 New Jersey Avenue, S.E.<br>Washington, DC  20423 |
| 4. Creditors Subject to Surface Transportation Board | Office of Proceedings, Surface Transportation Board<br>Department of Transportation<br>395 E Street, S.W.<br>Washington, DC  20423 |
| 5. Creditors Subject to Packers and Stockyards Act, 1921 | Nearest Packers and Stockyards Administration area supervisor |
| 6. Small Business Investment Companies | Associate Deputy Administrator for Capital Access<br>United States Small Business Administration<br>409 Third Street, SW, 8th Floor<br>Washington, DC  20549 |
| 7. Brokers and Dealers | Securities and Exchange Commission<br>100 F Street, N.E.<br>Washington, DC  20549 |
| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Protection Credit Associations | Farm Credit Administration<br>1501 Farm Credit Drive<br>McLean, VA  22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | FTC Regional Office for region in which the creditor operates or Federal Trade Commission: Consumer Response Center – FCRA<br>Washington, DC  20580<br>(877) 382-4357 |



**First Advantage**
A Symphony Technology Group Company

Willie Stanley Jr
Redacted

Due to postal delivery issues we did not receive your Full File Disclosure
request until October 10, 2018.

Thursday, October 11, 2018

Exhibit "B"



# Request for Full File Disclosure

You may request a First Advantage full file disclosure only on yourself, your minor child or on behalf of someone for whom you have power of attorney. Please submit a separate request for each individual and complete all the appropriate items on the request form.

Please provide the following proof of address document along with your request.

**STEP 1:**   Complete and submit the enclosed request form to the address provided. Please fill it out legibly and completely. Any missing information may result in the inability to properly research our files.

**STEP 2:**   You must submit an additional address verification document. In order to verify your address, **you will need to provide a document from category B below**. Billing statements should be dated within the preceding two months. **Select one document from category B**.

Please do not mail your original document. Only send a copy of your choice of document.

| Category A: | Category B: |
|---|---|
| **Identification Documents:** | **Proof of Mailing Address (must reference the Requestor's Name and Mailing Address):** |
| Driver's License (not expired) | |
| State Issued ID Card (not expired) | Major Credit Card Billing Statement* |
| Social Security Card | Major Bank Statement* |
| Canadian Issued Driver's License (not expired) | Major Gas Company Credit Card Billing Statement* |
| | Major Department Store Credit Card Billing Statement* |
| Military Identification Cards | Utility Bill* (Gas, Electric, Water, Sewer, or Cable/Satellite-Dish) |
| Passports | Telephone Bill* |
| | Major Cell Phone Service Provider Bill* |
| | Insurance Declaration Page (must be in effect – not expired) |
| | **Please do not send your insurance card or insurance statement.** |
| | Property Tax Bill (for most current year or year immediately preceding)** |
| | Property Deed** |
| | **Please do not send your Property Tax Receipt.** |
| | *Documents should be dated within the preceding two months. |
| | ** Submit this ADDITIONAL document if information requested is for a second home or rental property and not your primary mailing address |

**For MINOR child**: The proof of Identity (Category A) MUST include the minor's Social Security Card and a document that shows the requesting adult (i.e., parent or guardian) and minor's name from one of the three types of documents: Birth Certificate, Legal Guardianship or Immunization Record. Proof of Mailing Address (Category B) would be documentation with the requestor's name as denoted above.

**In the Case of a Power of Attorney:** The proof of Identity (Category A) MUST include the subject consumer's Social Security Card and a document that shows the requesting adult has Power of Attorney over such consumer. You will also need to provide proof of mailing address (Category B) for the requesting adult with Power of Attorney

**STEP 3:** Mail, fax or email your form and verification documents to:
**First Advantage Consumer Center**
**Attn: Full File Disclosure**
**P.O. Box 105292**
**Atlanta, GA 30348-5292**
**Fax: 727-214-2127**
**Consumer.documents@fadv.com**

Once we have received your completed Full File Disclosure Request Form and verification documents, it will take approximately 15 days to process your request.


First Advantage

# Protecting Your Information through Authentication

### 1. Why do I need to provide personal information to receive my report?

Your personal identifying information, such as your Social Security number and date of birth, is only used to confirm your identity and to make sure that the person ordering the report is really you. First Advantage's process is similar to the authentication process used by banks, credit card companies and other organizations that require sensitive personal information to make sure that unauthorized individuals do not access your personal information by phone or by mail.

### 2. What do you mean by "confirm your identity," "verify your identity" and "authentication"?

These are terms used to describe the process of verifying that the person ordering the report is really you. We cannot provide a report to someone merely claiming to be a certain person because the risk of fraud is too great.

### 3. Will the information that I provide be provided or sold to other companies?

**No.** The information that you provide will only be used by First Advantage for authentication and consumer disclosure purposes. We compare the information you provide against existing data in our system to verify your identity. It will not be provided or sold to any other company.

### 4. Have criminals been able to access information supplied during the authentication process from First Advantage in the past?

**No.** Information supplied by the consumer directly to First Advantage for authentication purposes is not distributed to, or accessible by, third parties.

### 5. Is there another way that I can receive a copy of my report without going through authentication?

The only method First Advantage has of making sure that your consumer report goes to you and you alone is for you to supply us with the proper identity information that can be matched against existing data in our system to verify your identity. This is necessary to help ensure that only you have access to your report.

### 6. How do I get more information about First Advantage?

For more information about First Advantage, please visit the web site www.fadv.com.



## Request for Full File Disclosure

**Please Note:**

Please provide all information requested, so that we may properly process your order.
You may only order information on yourself, a minor or someone whom you have Power of Attorney over.
You must be 18 years or older to request a file disclosure.
Send the completed order form, identification and address verification documents to the address above.

### Section I: Consumer Information

**FULL NAME:**

| Last Name | First Name | Middle Name | Suffix (Sr.,Jr.,III) |
|---|---|---|---|

**ALIAS OR MAIDEN NAME (past 10 years):**

| Last Name | First Name | Middle Name | Suffix (Sr.,Jr.,III) |
|---|---|---|---|

Date of Birth:        /        /              **Social Security Number:**        —        —
                Month /   Day   / Year

**Driver's License Number:** _____        Gender:   Male _____   Female _____

State where Driver's License was issued: _____

### Section II: Address Information

**CURRENT ADDRESS:**

| Apt Number | Street Number | Street Name | City | State | Zip Code |
|---|---|---|---|---|---|

**MAILING ADDRESS:**

| Apt Number | Street Number | Street Name | City | State | Zip Code |
|---|---|---|---|---|---|

**OTHER ADDRESS (past 3 years):**

| Apt Number | Street Number | Street Name | City | State | Zip Code |
|---|---|---|---|---|---|

### Section III: Contact Information

**Daytime Phone Number:** _____        **Evening Phone Number:** _____

**Email Address:** _____

**SIGNATURE:** _____        **DATE:** _____

Before Mailing, check to ensure you are providing all of the following documents:
☐ This request form, fully completed and signed
☐ Proof of Identity (see letter mailed to you with this form)
☐ Proof of Mailing Address (see letter mailed to you with this form)